[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15979
Non-Argument Calendar

_____

D. C. Docket No. 06-00010-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK EMERY REEVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 15, 2007)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Frank Emery Reeves appeals his sentence of imprisonment for 288 months for possession of heroin with intent to distribute, 21 U.S.C. §§ 841(a)(1), (b)(1)C), and possession of firearms and ammunition by a convicted felon, 18 U.S.C. §§ 922(g), 924(e). Reeves argues that the use of acquitted conduct to enhance his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), United States v. Booker, 543 U.S. 220, 128 S. Ct. 738 (2005), and Cunningham v. California, 549 U.S. ___, 127 S. Ct 856 (2007). We affirm.

We review the application of the sentencing guidelines by the district court de novo. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005).

Reeves argues that his acquittal on the charge of using a firearm in furtherance of a drug trafficking crime prevented the district court from enhancing his sentence based on that conduct. Reeves's argument fails. Relevant acquitted conduct can be taken into account at sentencing as long as the acquitted conduct is proved by a preponderance of the evidence, and the district court does not impose a sentence that exceeds what is permitted by the jury verdict under the United States Code . United States v. Duncan, 400 F.3d 1297, 1304–05 (11th Cir. 2005).

The jury's verdict permitted a sentence of life imprisonment, see 18 U.S.C. § 924(e), and the district court found by a preponderance of the evidence that Reeves

possessed a firearm in connection with a drug trafficking crime. Reeves does not challenge this factual finding. The 288-month sentence imposed by the district court did not exceed the sentence permitted by the verdict of the jury. The district court did not err when it considered relevant acquitted conduct, established by a preponderance of the evidence, when it calculated Reeves's sentence.

Reeves's sentence is

**AFFIRMED.**

3